UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

EDWARD OMAR SPEARMAN,

Petitioner,

v.

RICHARD IVES, *Warden*, and
ERIC D. WILSON, *former Warden*,

Respondents.

No. 6:10-CV-237-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Edward Omar Spearman ("Spearman"), confined in the Federal Correctional (Medium) Institution at Coleman, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2].[1] As Spearman has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243.

At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*,

---

[1]

When Spearman filed his petition, he was confined in the United States Penitentiary-McCreary, ("USP-McCreary"), located in Pine Knot, Kentucky. His petition is properly before the Court because jurisdiction is determined at the time a § 2241 petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Bishop v. Med. Superintendent of the Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir. 1967); *see also DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993). Eric Wilson is no longer be the Warden of USP-McCreary. The new Warden of USP-McCreary is Richard Ives. The Clerk will be instructed to note the substitution of party.

424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

Because Spearman has not demonstrated that his remedy in the court where he was sentenced was inadequate and ineffective to challenge his federal conviction and sentence, or that he is actually innocent of the federal offenses of which he was convicted, his § 2241 petition will be denied and this proceeding will be dismissed.

## CONVICTION AND PRIOR COLLATERAL CHALLENGES

In 1996, a federal jury in Michigan convicted Spearman and his brother of among other things, two counts of drug related murder and participating in a continuing criminal enterprise ("CCE").[3] *United States v. Spearman*, No. 91-50013 (E. D. Mich.) ("the Trial Court"). On June 26, 1996, Spearman was sentenced to three terms of life in prison, with consecutive terms of five years and twenty years. Spearman appealed, but the judgment was affirmed in an unpublished opinion. *See*

---

[2]

The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

[3]

Spearman was convicted on eight of nine counts in a superceding indictment, specifically, participating in a continuing criminal enterprise, 21 U.S.C. § 848; two counts of drug-related murder, 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; two counts of firearm use during a felony drug offense, 18 U.S.C. § 924(c); dealing in firearms without a license, 18 U.S.C. § 922(a)(1)(A); conspiracy to provide false statements in connection with the acquisition of firearms, 18 U.S.C. § 922(a)(6); and conspiracy to distribute cocaine, 21 U.S.C. § 846 and § 841(a)(1) & (b)(1)(A). The Government agreed to dismiss the cocaine conspiracy charge for the purpose of sentencing.

*United States v. Spearman*, 166 F.3d 1215, 1998 WL 840870 (6th Cir. Nov.17, 1998).

On August 28, 2000, Spearman filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, raising six grounds for relief. On January 12, 2001, the Trial Court denied the § 2255 motion; entered a separate judgment on January 23, 2001; and denied Spearman's motion to alter or amend the judgment on February 21, 2001. Spearman appealed. The Sixth Circuit granted Spearman's application for a certificate of appealability only as to his claim that his trial counsel rendered ineffective assistance by failing to raise and preserve a proper challenge to the grand jury selection process under *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998).

On August 8, 2002, the Sixth Circuit affirmed the denial of the § 2255 motion. *Spearman v. United States*, 43 F. App'x. 906, 2002 WL 1832743 (6th Cir., August 8, 2002) (Unpublished). The Sixth Circuit determined that Spearman did not demonstrate ineffective assistance of counsel because he failed to either allege or show prejudice resulting from his trial counsel's failure to raise a proper *Ovalle* challenge to the grand and petit jury selection process and the resulting random removal of non-blacks from jury pool. *Id.* at \*\*2. The court concluded that Spearman failed to demonstrate a reasonable probability of a different outcome.

On January 26, 2007, Spearman filed a motion in the Trial Court, under Federal Rule of Civil Procedure 60(b), seeking relief from the denial of his § 2255 motion.

3

He argued that when the Trial Court denied his § 2255 motion in January 2001, it failed to address the merits of his claim under *Richardson v. United States*, 526 U.S. 813 (1999), which held that a jury must unanimously agree on which specific violations constitute the "continuing series" of three or more predicate offenses required to prove a CCE offense. Spearman alleged that he had raised the claim in a supplement to his § 2255 motion.

On November 1, 2007, the Trial Court denied the motion as untimely, noting that it denied Spearman's § 2255 motion in January *2001*; that Spearman waited six years to seek relief from that ruling under Rule 60(b); and that Spearman's six-year delay in seeking such relief was unreasonable. The Trial Court granted Spearman a certificate of appealability, but the Sixth Circuit affirmed the denial of the Rule 60(b) motion. *United States v. Spearman*, No. 07-2534 (6th Cir. Nov. 25, 2008).

**CLAIMS ASSERTED IN THE § 2241 PETITION**

Spearman challenges his CCE conviction under 21 U.S.C. 848, contending that the Trial Court failed to instruct the jury that the "violations" themselves are elements of the CCE and that the jury was required to agree unanimously as to which three (or more) related drug crimes he committed as subsequently required by *Richardson*.

Spearman argues that the Trial Court failed to address his *Richardson* claim when it denied his § 2255 motion in January 2001; that the failure rendered his §

2255 remedy inadequate and ineffective to challenge his CCE conviction; that this Court should address his *Richardson* claim on the merits in this proceeding, vacate his CCE conviction, and order a new trial on that offense; and finally, that his counsel on direct appeal was ineffective for failing to argue that *Richardson* is retroactively applicable to his case.

## DISCUSSION

### 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Spearman fails to state a cognizable habeas corpus claim under 28 U.S.C. § 2241. A federal prisoner may attack the execution of his sentence by challenging the computation of his parole or sentencing credits by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the court having jurisdiction over his custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners seeking release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

This rule has one exception: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Spearman has not carried his burden in this case. Contrary to Spearman's arguments, neither the Trial Court's alleged failure to consider the *Richardson* claim

nor its denial of his Rule 60(b) motion six years later rendered his § 2255 remedy inadequate or ineffective. In its November 1, 2007, Order denying Spearman's Rule 60(b) motion, the Trial Court accurately pointed out that Spearman's six-year delay in seeking Rule 60(b) relief from the January 12, 2001, Order (denying his § 2255 motion) was unreasonable and that he could have, and should have, raised the issue at an earlier date.

Spearman further ignores the fact that he then unsuccessfully appealed the denial of his Rule 60(b) motion (as untimely) to the Sixth Circuit. That court found no credence to Spearman's claim that the Trial Court's failure to address his *Richardson* claim, and its denial of his Rule 60(b) motion over six years later, violated his Fifth Amendment right to due process of law. On appeal, the Sixth Circuit could have remanded and instructed the Trial Court to address on the merits Spearman's *Richardson* claim. Instead, it rejected his arguments, concluding :

> Spearman is not entitled to Rule 60(b) relief. . . .
>
> Here, the district court properly concluded that Spearman's Rule 60(b) motion was untimely. **Motions brought pursuant to Rule 60(b)(4) and (6) must be filed within a reasonable time.** *Olle v. Henry Wright Corp.*, **910 F.2d 357, 365 (6th Cir. 1990). Spearman provided no justification for filing his motion approximately six years after the denial of his § 2255 motion, and he has not demonstrated any extraordinary circumstances justifying relief from judgment.** Finally. . . the district court . . .dismissed Spearman's petition as untimely, not as a second or successive § 2255 motion to vacate.

7

*Spearman v. United States*, No. 07-2534 (6th Cir. November 25, 2008) (Unpublished) (emphasis added); Trial Court Docket, [D. E. No. 451 (11/26/08)].

To reiterate what both the Trial Court and the Sixth Circuit have explained, Spearman should not have waited until January 26, *2007*, the date on which he finally filed his Rule 60(b) motion, to object to the Trial Court's alleged failure to address his *Richardson* claim (challenging the constitutionality of his CCE conviction) six years before, on January 12, *2001*. Even assuming that Spearman's *Richardson* claim had any merit, his *six-year* failure to object to its alleged omission from the January 2001 Order denying him relief under § 2255 constitutes a clear waiver of the claim.

Given these facts, and the *Charles* holding that a § 2255 remedy is neither inadequate nor ineffective where such relief has been denied or where the petitioner is procedurally barred from pursuing such relief, this Court can not conclude that Spearman's § 2255 remedy in the Trial Court was inadequate or ineffective to challenge his CCE conviction. *See also Johnson v. Shartle*, No. 4:09-CV-1773, 2010 WL 750143, at *3 (N. D. Ohio, February 26, 2010) (holding that unsuccessful challenges to his conviction through both § 2255 and a Rule 60(b) motion did not entitle habeas petitioner to relief under § 2241).

Spearman claims that based on *Richardson*, he is actually innocent of the CCE conviction because the jury was not specifically instructed to unanimously agree on

8

the three underlying drug convictions forming the basis of the CCE, which instruction the Supreme Court subsequently required in *Richardson*.[4] Even assuming that Spearman had not waived his *Richardson* claim, his actual innocence argument lacks merit because the "harmless error doctrine" applies to retroactive *Richardson* claims.

This means that the Trial Court's failure to instruct Spearman's jury on the CCE charge in the precise manner *Richardson* subsequently dictated may have been merely harmless error, not constitutional error. *See Neder v. United States*, 527 U.S. 1 (1999) (holding that the trial court's omission during its jury instructions of an essential element of the offense charged is subject to harmless error review); *Murr v. United States*, 200 F. 3d at 906 (holding that although *Richardson* applied retroactively, the failure to include a CCE unanimity instruction on the CCE charge was only harmless error); *United States v. Escobar-de Jesus*, 187 F.3d 148, 161 (1st Cir. 1999) (same). At best, harmless error occurred in Spearman's criminal case.

In order to sustain a conviction for engaging in a CCE, the government must prove: (i) a felony violation of a federal narcotics law; (ii) as a part of a "continuing series" of at least three violations; (iii) "in concert with five or more persons"; (iv) for

---

[4] The Sixth Circuit has ruled that *Richardson* applies retroactively because it set forth substantive law. *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000).

9

whom the defendant is an organizer, supervisor or manager; and (v) from which he derives substantial income or resources. *See* 21 U.S.C. § 848(c).

On direct appeal, Spearman challenged the legal sufficiency of his CCE conviction. In its Order affirming, the Sixth Circuit stated as follows on the issue:

> . . . Defendant's first predicate violation was his conviction for conspiracy to distribute cocaine. This count was dismissed at the close of trial, without prejudice, to be reinstated in case of a challenge to Defendant's CCE conviction. *Cf. United States v. Rutledge*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). . . . The last two predicate acts were established by Defendant's conviction for the two counts of drug-related murder.
>
> . . .
>
> Given the serious nature of each individual murder charge, under the circumstances involved here, the multiple murders arising out of the same incident are separate predicate acts for the purposes of a CCE charge.

*United States v. Spearman*, 1998 WL 840870, at *8 (footnotes omitted).

The jury's decision to convict Spearman on these three counts necessarily establishes that the jurors unanimously agreed that he was guilty of those offenses. "'This decision ensures that the concern at the core of the *Richardson* decision - namely, that jurors might convict on the basis of violations for which there was non-unanimity - is not present." *Murr*, 200 F.3d at 906 (citation omitted) (holding that the failure to instruct the jury in accordance with *Richardson* was harmless error because the jury had unanimously found the petitioner guilty of ten substantive drug

10

offenses); *United States v. Long*, 190 F.3d 471, 476, n.3 (6th Cir. 1999) (holding that failure to instruct the jury to unanimously agree upon each of the CCE violations was "clearly harmless as the jury also unanimously found [the defendant] guilty of more than three drug violations committed in the course of the ongoing conspiracy to distribute cocaine.").

Thus, ignoring the waiver issue in this case, any alleged error stemming from the subsequent *Richardson* decision is harmless because the jury unanimously found Spearman guilty of three committing three underlying drug offenses committed in the course of the ongoing conspiracy to distribute cocaine, all of which were violations of Title 21 of the United States Code and which properly formed the basis of a CCE conviction.[5] Finally, it is worth noting that Spearman's conviction for two counts of drug related murder result in two life sentences, regardless of the CCE charge.

Spearman has not shown that his § 2255 remedy in the Trial Court was inadequate to challenge his conviction. He has not shown that the harmless error in the jury instructions, created by a subsequent and retroactively applicable Supreme Court decision, rendered him "actually innocent" of either the CCE charge or the seven other charges of which he was convicted, which included two counts of drug-

---

[5] Spearman's other argument, that his counsel on direct appeal was ineffective for failing to argue that *Richardson* is retroactively applicable to his case, lacks merit. Spearman's conviction was affirmed on direct appeal in November 1998, but *Richardson* was not rendered until July 1, 1999.

11

related murder. Thus, Spearman is not entitled to relief under § 2441; his petition will be denied; and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Ckerk of the Court is directed to **SUBSTITUTE** Richard Ives, current Warden of USP-McCreary, as the Respondent to this proceeding, and to identify Eric D. Wilson as the *former* Warden of USP-McCreary.

(2) Edward Omar Spearman's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No. 2], is **DENIED**;

(3) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of both the substituted Respondent, Richard Ives, current Warden of USP-McCreary, and Eric D. Wilson, former Warden of USP-McCreary.

This 18th day of July, 2011.

[signature]

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE